# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDELMONAEM HLALI**, | : | CIVIL NO. 1:17-CV-1371 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **CLAIRE DOLL**,[1] | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner Abdelmonaem Hlali ("Hlali"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Hlali challenges his continued detention by ICE pending removal. (Id.) He requests that the court grant his immediate release under $1.00 bond, or order a bail reduction hearing before an immigration judge. (Id. at 4). For the reasons set forth below, the court will deny the petition.

---

[1] The proper respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2243, R. GOVERNING § 2254 CASES R. 2(a). Hence, Claire Doll, Warden of the York County Prison, is the sole proper respondent in this action, and the Clerk of Court will be directed to terminate respondents Thomas R. Decker, Jacqueline Osterlind, Thomas S. Winkowaski, and Jeh Charles Johnson.

I.   **<u>Immigration Proceedings</u>**

On or about August 5, 2000, Hlali, a native and citizen of Tunisia, was admitted to the United States as a B2 visitor for pleasure. (Doc. 9-1, at 10, Notice to Appear). On April 14, 2009, his status was adjusted to lawful permanent resident. (Doc. 1, at 2; Doc. 9-1, at 10, Notice to Appear).

Hlali's removal proceedings involve claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") because he fears persecution if returned to Tunisia based on his conversion from the Muslim faith to Christianity. (Doc. 9-1, at 13-21, Oral Decision of the Immigration Judge; Doc. 9-1, at 22, Order of the Immigration Judge).

On June 10, 2016, Hlali was encountered by ICE at the Cumberland County Prison in Carlisle, Pennsylvania, subsequent to his contempt conviction for violation of an order or agreement. (Doc. 9-1, at 49, Decision of Custody Review). On October 21, 2016, ICE officials served a Notice to Appear on Hlali indicating that he was subject to removal from the United States pursuant to § 237(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA") based on his violation of a protection from abuse order. (Doc. 9-1, at 8, Notice to Appear). He was taken into ICE custody on October 21, 2016. (Doc. 1, at 2; Doc. 9-1, at 12, Notice of Custody Determination).

On November 7, 2016, an immigration judge denied Hlali's first motion for a bond redetermination. (Doc. 9-1, at 46, Order of the Immigration Judge with Respect to Custody).

On December 14, 2016, an immigration judge ordered Hlali removed from the United States, but granted his application for withholding of removal. (Doc. 9-1, at 13-22, Decision and Order of the Immigration Judge). On January 13, 2017, the Department of Homeland Security ("DHS") appealed the decision of the immigration judge. (Doc. 9-1, at 23-26, Decision of the Board of Immigration Appeals).

On January 31, 2017, after granting withholding of removal in December 2016, the immigration judge ordered Hlali's release under $15,000.00 bond. (Doc. 9-1, at 47, Order of the Immigration Judge with Respect to Custody).

On May 8, 2017, the Board of Immigration Appeals ("BIA") considered the DHS' appeal of the immigration judge's December 14, 2016 decision. (Doc. 9-1, at 23-26, Decision of the BIA). The BIA remanded the case to the immigration judge to consider additional evidence and testimony concerning the Tunisian government's current status with respect to issues involving the safety and freedom of individuals not of the Muslim faith. (Id.)

On June 1, 2017, an immigration judge again ordered Hlali removed from the United States, denied CAT relief, but granted his application for withholding of removal. (Doc. 9-1, at 27-40, Oral Decision of the Immigration Judge; Doc. 9-1, at 41, Order of the Immigration Judge). On June 12, 2017, the DHS appealed the immigration judge's decision to grant withholding of removal. (Doc. 9-1, at 42, Notice of Appeal). That appeal remains pending before the BIA. (Id.)

On June 27, 2017, an immigration judge heard Hlali's third request for bond redetermination and ruled that Hlali failed to show a "material change of circumstance" since the initial bond hearing, as required under 8 C.F.R. § 1003.19(e).  (Doc. 1-1, at 6).

On July 12, 2017, the Field Office Director for the Office of Enforcement and Removal Operations informed Hlali of the decision to continue his detention pending the outcome of the government's appeal to the BIA.  (Doc. 9-1, at 48-49, Decision to Continue Detention).  The decision stated, "[s]hould the BIA dismiss the appeal, ICE will re-evaluate your custody status at that time."  (Doc. 9-1, at 49, Decision to Continue Detention).

The instant petition was filed on August 3, 2017.  (Doc. 1).

## II.     Discussion

The government's appeal of the immigration judge's order of removal remains pending.  Hence, the order of removal has not become administratively final, and Hlali is still considered to be in pre-removal immigration detention.  See 8 U.S.C. § 1231(a)(1)(B)(i) (providing removal period begins on the "date the order of removal becomes administratively final"); see also 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals").  Thus, decisions concerning his ongoing detention are at the discretion of the immigration judge.  See 8 U.S.C. § 1226(a).

The Attorney General, through the DHS district director, has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Pursuant to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The statute further authorizes the Attorney General to continue to detain the arrested alien, release the alien on bond, or release the alien on conditional parole. 8 U.S.C. § 1226(a)(1)-(2). The Attorney General's discretionary judgment regarding the application § 1226 is not subject to review and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Nonetheless, "Section 1226(e) contains no explicit provision barring habeas review." Demore v. Kim, 538 U.S. 510, 517 (2003).

If the district director denies bond and the alien is not subject to an administratively final order of removal, the alien may seek his release by requesting an initial bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19. As to criminal aliens eligible to be considered for release on bond or conditional parole, the alien must demonstrate by clear and convincing evidence that he does not pose a danger to persons or to property and that he is not a flight risk. 8 C.F.R. § 236.1(c)(3). An immigration judge's decision on a bond redetermination may be appealed to the BIA. 8 C.F.R. § 236.1(d)(3). The BIA's decision to detain or release an arrested alien on bond is discretionary and is not subject to judicial review. 8 U.S.C. § 1226(e). If denied bond, an alien can

subsequently request a bond redetermination hearing before an immigration judge, in writing. 8 C.F.R. § 1003.19(e). This request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." Id.

Hlali was taken into ICE custody on October 21, 2016 and has been detained for nearly fourteen (14) months. (Doc. 1, at 2; Doc. 9-1, at 12, Notice of Custody Determination). Hlali asserts that his detention has become overlong and requests that the court remedy his "'excessive' mandatory and indefinite detention." (Doc. 1, at 3). However, Hlali is not an alien subject to mandatory detention under the provisions of § 1226(c). (Doc. 9). Rather, he is a discretionary detainee pursuant to 8 U.S.C. § 1226(a) who has received, by right, bond hearings.

In Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), the Third Circuit addressed a habeas petition filed by a pre-final order detainee in discretionary § 1226(a) detention. Contant was taken into custody by the DHS and ordered detained without bond. An immigration judge subsequently conducted a redetermination hearing and denied Contant release on bond. On appeal, the BIA affirmed the immigration judge's decision, finding that Contant failed to demonstrate that he was not a danger to the community. Contant then filed a habeas petition in the district court pursuant to 28 U.S.C. § 2241 claiming that his indefinite detention without review was unreasonable and violated his right to due process. While the habeas petition was pending, an immigration judge again found that Contant was a danger to the community, and that there was no changed circumstance warranting redetermination of bond. The Contant court ultimately

6

found that the alien petitioner's nineteen (19) month pre-removal immigration detention was not "indefinite" in violation of due process, because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin at the conclusion of his removal proceedings. Contant, 352 F. App'x at 695-96. The Third Circuit agreed with the district court in finding that the authority for Contant's detention was § 1226(a), and the cases of Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v. Kim, 538 U.S. 510 (2003) were not directly applicable.[2] The court of appeals explained:

> Unlike the mandatory detention statute at issue in Kim, § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3). Contant was afforded the review provided by these regulations. Moreover, like the petitioner in Kim, Contant's unusually lengthy period of detention pending a decision on his removability is attributable to his own request for a continuance. See Kim, 538 U.S. at 530, 123 S.Ct. 1708 (noting that petitioner's detention period of 6 months, which was longer than the average period of 47 days, was due to his own request for a continuance of his removal hearing).

---

[2] The district court noted that "unlike the aliens in Zadvydas, petitioner is not under a final order of removal [;h]e is currently being held pending his removal proceedings" and that "Petitioner is being held pursuant to a different statute than at issue in Zadvydas [and p]ursuant to 1226(a), he has had a determination by an independent decision maker that determined him to be a flight risk and a danger to society", a decision that was affirmed by the BIA. Contant v. Mukasey, 2009 WL 427244, *2 (M.D. Pa. 2009).

7

Contant, 352 F. App'x at 695-96. The court is cognizant that Contant is a non-precedential opinion, but we find its *ratio decidendi* to be persuasive.

Similarly, Hlali is a pre-final order detainee held pursuant to § 1226(a), he was afforded three separate custody determinations, and had the right to appeal the immigration judges' determinations to the BIA. Initially, ICE officials detained Hlali and an immigration judge denied his first motion for a bond redetermination. An immigration judge subsequently ordered Hlali's removal, but granted his application for withholding of removal. An immigration judge then ordered his release on $15,000.00 bond. The DHS appealed to the BIA and, on remand, an immigration judge again ordered Hlali removed from the United States, but granted his application for withholding of removal. The DHS again appealed the immigration judge's decision to the BIA, which remains pending. In the latest review of Hlali's detention, ICE officials informed him that he would remain detained pending the outcome of the government's appeal to the BIA and, if the BIA dismisses the appeal, ICE will re-evaluate his custody status at that time. It is clear that Hlali was afforded the review provided by the applicable regulations and his detention is not indefinite in violation of due process.

Hlali also claims that his detention is unreasonable in accordance with Diop v. ICE/Homeland Sec., 656 F.3d 211 (3d Cir. 2011) and Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015). (Doc. 1, at 1, 3-4). However, both Diop and Chavez-Alvarez were directed at aliens subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) who were not entitled to a bond hearing absent an order from a court sitting in habeas review. Neither case addressed aliens, such as

Hlali, who were already entitled to a bond hearing and bond redeterminations under § 1226(a).  See Contant, 352 F. App'x at 695-96 (distinguishing § 1226(a) detainees from § 1226(c) detainees).  Hlali is not an alien subject to indefinite detention with no statutory right to a bond hearing.  Rather, he is a discretionary detainee who has received three separate custody determinations.  Pursuant to § 1226(a), an immigration judge has determined that $15,000.00 bond is necessary to ensure that Hlali will appear for any future removal proceedings.  Contant, 352 F. App'x at 695.  Hlali has presented no basis for finding that his bond hearings denied him due process or were otherwise unlawful, other than his own dissatisfaction with the amount of bond set.

Moreover, Hlali failed to appeal the latest bond redetermination to the BIA before filing the instant habeas petition.  Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

The record does not indicate, nor does Hlali state, that he filed an appeal of the bond redetermination to the BIA. The court thus finds that Hlali failed to exhaust his available administrative remedies. See Gillis v. Decker, 2013 WL 4718913 (M.D. Pa. 2013) (dismissing habeas petition without prejudice where the petitioner failed to file a subsequent bond request per 8 C.F.R. § 1003.19 because he still had remedies to challenge his continued detention before filing a habeas petition).

Based on the foregoing, the petition for writ of habeas corpus will be denied. A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 19, 2017